UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GEORGE RUCKMAN | CIVIL ACTION |
| VERSUS | No.: 19-1288 |
| USAA CASUALTY INSURANCE COMPANY | SECTION: "J" (4) |

## **ORDER & REASONS**

Before the Court is a *Motion for Partial Summary Judgment* **(Rec. Doc. 11)** filed by Defendant, USAA Casualty Insurance Company ("USAA"), an opposition thereto (Rec. Doc. 14) by Plaintiff, George Ruckman ("Plaintiff"), and a reply by USAA (Rec. Doc. 17). Additionally, before the Court is a *Motion to Bifurcate Pursuant to Fed. R. Civ. P. 42(b)* **(Rec. Doc. 13)** filed by Plaintiff, and an opposition thereto filed by USAA (Rec. Doc. 18). As the outcome of both motions hinge on the same determination, the Court will consider them together. Having considered the motions and legal memoranda, the record, and the applicable law, the Court finds that USAA's *Motion for Partial Summary Judgment* is **GRANTED** and Plaintiff's *Motion to Bifurcate* is **DENIED**.

## **FACTS AND PROCEDURAL BACKGROUND**

The instant litigation derives from a car accident that occurred on May 1, 2018. Plaintiff was driving in his 2015 GMC Yukon on Esplanade Avenue when he was rear ended by Nilda Spencer. Ms. Spencer was insured with State Farm Insurance Company, whereas Plaintiff was insured by USAA. State Farm, on behalf of Ms.

Spencer, tendered to Plaintiff the extent of Ms. Spencer's policy limit shortly after the accident. Unfortunately, Ms. Spencer's policy limit was insufficient to cover Plaintiff's damages.[1]

As such, Plaintiff sought to recover additional insurance proceeds from USAA, with whom he had uninsured motorist coverage ("UM"). USAA refused to tender Plaintiff's requested insurance proceeds, disputing both the nature of the accident and Plaintiff's subsequent injuries. Thereafter, Plaintiff filed the instant suit in Orleans Parish Civil District Court on November 16, 2018 seeking to compel USAA to disburse the funds Plaintiff believes he is entitled to under his UM policy with USAA.[2] Plaintiff also sought penalties and attorneys' fees under La. R.S. 22:1892, which provides for such if an insurance carrier acts in bad faith.[3] On February 11, 2019 Plaintiff filed a First Supplemental and Amended Petition for Damages averring that the damages he sustained exceeded $75,000. On February 12, 2019, on the basis of the amended complaint, USAA timely removed the case to this Court pursuant 28 U.S.C. 1446(b).

In its motion for partial summary judgment, USAA asks the Court to dismiss Plaintiff's claim under La. R.S. 22:1892 on the grounds that Louisiana law does not govern this case. Rather, it is Florida law that controls because it is a Florida insurance policy issued to a vehicle registered in Florida to be garaged at a Florida

---

[1] Plaintiff's physician suggested a three-level anterior cervical discectomy and fusion performed on Plaintiff's spine was the only way to relieve Plaintiff's significant cervical pain. It is unclear if such a procedure has been performed yet.
[2] Plaintiff alleges he is entitled to up to $1,200,000.00.
[3] Specifically, La. R.S. 22:1892 penalizes insurance carriers for failing to issue an unconditional tender or making a settlement offer that is insufficient to cover even outstanding medical expenses.

address.[4] Specifically, USAA posits that Plaintiff's bad faith claim under La. R.S. 22:1892 should have been brought as a claim under Fla. Stat. § 624.155. Plaintiff, in his opposition to USAA's motion for partial summary judgment, agrees. Thus, it is undisputed that Plaintiff's claim under 22:1982 is untenable. The sole remaining dispute presently before the Court is how to properly handle Plaintiff's bad faith claim in light of the new stipulated choice of law.[5]

## DISCUSSION

The primary difference between bad faith claims against an insurer in Louisiana versus Florida is the timing of said claims. In Louisiana, a claim for bad faith against an insurer must be brought in the same suit as the underlying UM claim. La. R.S. 13:4231. An attempt by a plaintiff to file suit on a bad faith claim after an adjudication of the underlying UM claim would be subject to dismissal under the doctrine of *res judicata. See Spear Prudential Prop. And Cas. Ins. Co.*, 727 So. 2d 640 (La. App. 4th. Cir. 1999). Thus, Plaintiff was following proper procedure in bringing his 22:1892 claim alongside his UM claim.

In Florida, however, a claim for bad faith against an insurer cannot be brought until after there has been an adjudication of the underlying UM claim. "Absent a determination of the existence of liability on the part of the uninsured tortfeasor and the extent of the plaintiff's damages, a cause of action cannot exist for a bad faith failure to settle." *Blanchard v. State Farm Mut. Auto. Ins. Co.*, 575 So.2d 1289, (Fla.

---

[4] Miramar Beach, Florida 32550.

[5] Although unnecessary for the Court to conduct a full choice of law analysis in light of the parties' stipulation, there is strong support for USAA's contention that Florida law should apply to an automobile insurance policy issued in Florida for Florida registered vehicles even if the accident takes place in Louisiana. See Champagne v. Ward, 03-3211 (La. 1/19/05), 893 So. 2d. 773; see also Abraham v. State Farm ,465 F.3d 609 (5th. Cir. 2006).

3

1991). A bad faith complaint made before adjudication of the full extent of insured's damages should be dismissed without prejudice as premature. *Imhof v. Nationwide Mut. Ins. Co.*, 643 So. 2d. 617 (Fla. 1994).

In light of the foregoing, both parties agree that the Court cannot currently consider Plaintiff's claim, as the full extent of Plaintiff's damages and amount owed on his UM policy has yet to be determined. It is with this current posture that Plaintiff submits his Motion to Bifurcate pursuant to Rule 42(b) and asks the Court to abate his bad faith claim until a determination has been reached on the issues of liability and damages.[6] USAA counters by arguing that the proper action is to dismiss Plaintiff's claim with prejudice, because it is explicitly brought under Louisiana law. In the event the Court construes Plaintiffs' complaint broadly enough to be a properly plead bad faith complaint under Florida law, USAA urges the Court to dismiss Plaintiff's claim without prejudice as opposed to abating the claim.

The Court finds that it need not address the issue of how broadly to construe Plaintiff's complaint, because in either case the ideal disposition is a dismissal without prejudice. In instances where "an action is premature because one of its essential elements is contingent upon the occurrence of an event that may or may not occur…. abatement is not an appropriate disposition., and a dismissal is required." *Shuck v. Bank of Am., NA.*, 862 So. 2d. 20 24-25 (Fla. 2nd DCA 2003). The prematurity of Plaintiff's claim cannot be cured by the mere passage of time, but

---

[6] Rule of Civil Procedure 42(b) provides in full that "The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party-claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues, always preserving inviolate the right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States."

rather is dependent on an uncertain event—a determination that Plaintiff is entitled to the damages he seeks. Although support for either abatement or dismissal may be found in Florida state courts, federal district courts located in Florida consistently choose dismissal over abatement. District courts in Florida are "cognizant that, because federal courts are courts of limited jurisdiction, they are prevented from adjudicating cases that are unripe or rest upon future events that may not occur as anticipated, or indeed may not occur at all." *Frantz v. Century-Nat'l Ins. Co.*, No. 19-969-T-33SPF, 2019 WL 4394083 (M.D. Fla. Sept. 13, 2019) (citing *Ralston v. LM Gen. Ins. Co.*, No. 6:16-cv-1723-Orl-37DCI, 2016 WL 6623728, at *2-3 (M.D. Fla. Nov. 9, 2016)); *see also Bele v. 21st Century Centennial Ins. Co.*, 126 F. Supp. 3d 1203, 1296 (M.D. Fla. 2015).

While not binding on the Court, it is nonetheless persuasive that courts within the Eleventh Circuit have largely followed the rule that prematurity due to dependence on a separate action is best cured by dismissal. *See Great American Assur. Co. v. Sanchuk, LLC*, no. 10-2568-T-33AEP, 2012 WL 195526 *7 ("Courts within the Eleventh Circuit have largely followed the reasoning of *Blumberg* and *Shuck*" in preferring dismissal to abatement.) The Court finds the "large body of case law" by federal courts even more persuasive considering the basis for Plaintiff's suggested abatement is a rule of federal civil procedure. *Id. See also* Fed. R. Civ. Pro. 42(b).

## CONCLUSION

Accordingly,

**IT IS ORDERED** that USAA's Motion for Partial Summary Judgment **(Rec. Doc. 11)** is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's bad faith claims are hereby **dismissed without prejudice**, with the understanding that Plaintiff may refile his bad faith claims under Florida law only if and when he receives a positive judgment regarding liability and damages.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Bifurcate **(Rec. Doc. 13)** is hereby **DENIED**.

New Orleans, Louisiana this 13th day of November, 2019.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE